STATE EX REL. MATHES ET AL. *v.* GILBREATH.

(*Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

THOMAS H. MALONE, III, Assistant Attorney-General, for complainant-appellee.

A. A. KELLY, of South Pittsburg, for defendant-appellant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

The bill in this cause was filed by the State upon relation of Paul S. Mathes, Commissioner of Conservation, and J. O. Hazard, State Forester, to set aside a deed executed by the Commissioner of Finance and Taxation in

August, 1942, purporting to convey to the defendant, for a cash consideration of $557, approximately 4,500 acres of land in Marion County which had been bought in by the State at a tax sale in 1936 and had never been redeemed.

The bill charges that the deed to defendant was (1) mistakenly and inadvertently made and (2) without lawful right or authority; that by proclamation published on December 3, 1937, pursuant to the authority vested in him by Chapter 166 of the Public Acts of 1933, known as the Reforestation Act, Code Section 552.1 *et seq.* the Governor had taken over and set apart said lands for reforestation; that since and thereafter the Commissioner of Finance and Taxation was without lawful authority to sell and convey said lands. Complainant tendered and paid into Court the purchase price paid by defendant, together with interest to date, and further offered to reimburse defendant for any sums he may have expended in taxes or improvements on said lands since his purchase.

The answer of defendant denied the validity of the proclamation of the Governor. It was alleged that the State acquired title to the lands by the decree confirming the tax sale as of September 17, 1936 (not upon execution of the deed of the Clerk and Master, dated November 30, 1937); that the two year period of redemption fixed by Code, Section 7736(4) had not expired when the proclamation of the Governor was issued on December 3, 1937, and that the Governor was not authorized to take over and appropriate to forestation uses lands bought in by the State for delinquent taxes until the expiration of said redemption period; that his action was, therefore, void.

The defendant answered further that he is an innocent purchaser, without constructive notice of any right or claim of complainant by virtue of said proclamation which was not registered in Marion County. He further

avers that the tender of complainant will not adequately reimburse him, that he acquired a good title by the conveyance executed by the Commissioner of Finance and Taxation, with the approval of the Governor and Attorney-General, as provided by law in such cases, and that he is entitled to compensation for the enhanced value of the lands represented by an increase in market price thereof since the date of his purchase.

The Chancellor heard the cause on bill and answer and decreed a cancellation of the deed and its removal as a cloud on complainant's title and defendant appealed.

In a memorandum opinion the Chancellor held that the deed to defendant was inadvertently, that is, mistakenly executed; also that by Chapter 263 of the Public Acts of 1937, the provision of Code, Section 7736 invoked by defendant which provided for a two year period of redemption was amended so as expressly to authorize the Governor to take over title to lands bought in by the State before the expiration of two years and that the State acquired good title to the lands here involved for reforestation purposes upon the issuance of the Governor's proclamation; that the proclamation was not required to be registered in Marion County and the defendant was not an innocent purchaser for value.

Appellant's assignments in this Court follow, in substance, the lines of defense laid in the answer. The insistence is that title to this land vested in the State on confirmation of the tax sale in September, 1936, and that thereafter, by the terms of the pertinent statute, Code, Section 1607, the Commissioner of Finance and Taxation had authority to sell, with the approval of the Governor and Attorney-General, and that this authority continued. and embraced the sale made to appellant in August, 1942; that the deed made to him pursuant to this lawful au-

thority was valid and cannot now be cancelled or set aside. He denies that this authority was annulled or abridged by the proclamation of the Governor of December 3, 1937, acting under authority of the Reforestation Act of 1933, purporting to set apart these lands for forestry purposes; that while the Act of 1933, Section I, authorized the Governor to set apart for such purposes "lands which have or may hereafter revert to and become the property of the State on account of delinquent taxes," that since the two year period of redemption reserved by Code Section 7736 had not expired when the Governor's proclamation issued, the taking over was premature and ineffective, said lands not having yet "become the property of the State."

Now it appears that in May, 1937, the Legislature, by Chapter 263 of the Acts of 1937, amended Code, Section 7736, the general redemption law, by adding thereto the following proviso: "Provided, however, that where the State of Tennessee becomes the purchaser of real estate sold to satisfy a lien for taxes, and, thereafter the Governor, by proclamation, as provided by Chapter 166 of the Public Acts of 1933, sets aside or dedicates such real estate as a State Forest, neither the prior owner or owners, their heirs, assigns, or successors shall have the right to redeem such real estate."

However, appellant contends that this amendment, contrary to the view expressed by the Chancellor, did not relate back to and cover the proclamation of the Governor in December prior thereto taking over this land. He says, also, that the amendment does not include him, since he is neither a prior owner, heir, assign or successor to the title, but a stranger thereto.

The defense thus grounded is both ingenious and highly technical. We find it also both inconsistent and in-

sufficient. It invokes the protection of the general redemption statute, Code, Section 7736, which obviously does not embrace him, a stranger to the title, and at the same time challenges the application of the amendment.

However, we are of opinion that no consideration of the issue or right of redemption is called for. It is in no sense determinative. The title to this land had vested in the State prior to the proclamation of the Governor and it so continued until the execution of the deed to appellant in August, 1942. Not only is appellant, never having had any right of redemption, not in position to make any question as to the disregard of such right, but no change in title was effected by the proclamation taking over and setting aside this land for forestry purposes. It remained the property of the State. The effect of the proclamation was only to transfer and set over the lands permanently for this special purpose and to vest the control thereof in the appropriate department of Conservation and Forestry; and, it was thereafter necessary that any conveyance of such lands be executed by the Commissioner of Conservation and the State Forester. Chapter 280, Public Acts of 1937.

The determinative question here presented is whether or not it has been made to appear that this deed was made to appellant by mistake and inadvertence and oversight of the fact that the land had long before been appropriated and devoted to forestry purposes and was then being so held, used and controlled. There can be no doubt on this record that this deed was made by mistake and that this mistake was mutual, or common to all parties. Certainly the Commissioner of Finance and Taxation would not have made this deed if he had been aware or conscious of the fact that this land had been taken over

and was to be held as a part of a State forest; and this purchaser did not intend to purchase land so held.

■ "Mistake," it is said, "is variously defined as an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract." 40 C. J., p. 1227, citing cases.

In a footnote to Section 940, Mr. Gibson, in his Suits in Chancery, quotes this statement of the pertinent rule: "Mistake exists, in a legal sense, where a person acting upon some erroneous conviction, either of law or fact, executes some instrument, or does some act, or omits to do some act, which but for that erroneous conviction, he would not have executed, done or omitted," citing Haynes Outlines of Equity, 132; 2 Pom. Eq. Jur., Section 839.

■ The case before us is well within this definition. It is axiomatic that equity will relieve against such mistakes. It is undisputed that this tract of land had long before the making of this deed been in fact appropriated to forestry purposes and was at the time being so held, used and controlled, and the authority to dispose of it otherwise had passed from the Commissioner of Finance and Taxation and the department of the State over which he presided, and but for his erroneous conviction to the contrary, he would not have executed the deed.

Equity demands that this conveyance, executed by inadvertence and mistake, be set aside and removed as a cloud on the State's title, subject to repayment of the purchase money, with interest, and reimbursement for expenditures for taxes and improvements if any, and it is so ordered. The decree is affirmed.